Vázquez, Demandante y Apelado, *v.* Maymí, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de Humacao en un procedimiento de *injunction* (memorándum de costas).

No. 3086.—Resuelto en enero 28, 1924.

Costas—*Injunction* para Recobrar la Posesión—Honorarios de Abogado.—Una sentencia condenando en costas al demandado en procedimiento de *injunction* para recobrar la posesión, incluye el pago de honorarios de abogado.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. González Fagundo & González Jr.*

Abogado del apelado: *Sr. F. Gallardo.*

El Juez Presidente Sr. del Toro, emitió la opinión del tribunal.

La cuestión fundamental envuelta en esta apelación es

el alcance de una condena de "costas" en un procedimiento de *injunction* para recobrar la posesión.

Impuesto al demandado el pago de las "costas," el demandante incluyó en su "memorándum" honorarios de abogado. Sostuvo el demandado que dada la naturaleza especial del procedimiento, el término "costas" no podía entenderse que incluía honorarios. La corte resolvió la cuestión fundamental suscitada en contra del demandado, limitándose a reducir la cuantía de los honorarios.

No conforme el demandado, apeló y alega que cuando se aprobó la ley que regula el procedimiento de *injunction* seguido en este caso,—Ley No. 43 de 13 de marzo de 1913, enmendada en 14 de noviembre de 1917,—que ordena que se impongan "las costas" a la parte contra la cual se dictare sentencia, la Legislatura lo hizo con la intención de que no se comprendieran en las costas los honorarios de abogado pues conociendo como conocía la jurisprudencia de esta Corte Suprema establecida en el caso de *Veve* v. *El Municipio de Fajardo,* 18 D. P. R. 765, si su intención hubiera sido otra hubiera consignado expresamente en la ley las palabras honorarios de abogado.

No puede negarse mérito al argumento del apelante. Lo hemos considerado cuidadosamente, pero, pesadas todas las circunstancias, atendidos los términos de la ley y la jurisprudencia sentada, es necesario decidir que el criterio adoptado por la corte de distrito no es erróneo.

Además de los casos generales que se estudian en el de *Fragoso* v. *Marxuach,* decidido el 25 de enero actual, (pág. 690) deben citarse el de *Candal et al.* v. *Vargas et al.,* 29 D. P. R. 648, en el que se resolvió que "La concesión de costas y honorarios de abogado es materia de discreción judicial exclusivamente, aún en procedimientos especiales como la impugnación de elecciones," y el de *El Pueblo* v. *López,* 30 D. P. R. 259, 260, en el que se dijo en el curso de la opinión,

"Nos sentimos obligados a declarar que esta,—artículo 327 enmendado en 1917,—era una ley de aplicación general y que la intención de la Legislatura fué incluir todos los casos en los cuales no aparecía claramente una intención diferente."

En cuanto al conocimiento por parte de la Legislatura de la jurisprudencia de este tribunal, debe tenerse en cuenta que lo mismo que conocía el caso de *Veve* v. *El Municipio de Fajardo,* 18 D. P. R. 765, estaba enterada del de *Brac* v. *Ojeda,* 27 D. P. R. 658, contrario al de Veve, y no varió los términos de la ley.

Decidida la única cuestión envuelta, no impugnándose la cuantía de los honorarios finalmente fijados por la corte, debe confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.